# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RONALD M. JORDAN, JR.,
    Appellant,

   v.

UNITED STATES POSTAL SERVICE,
    Agency.

DOCKET NUMBER
CB-7121-22-0005-V-1

DATE: April 15, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ronald M. Jordan, Jr., Joliet, Illinois, pro se.

Bobbi K. Mihal, Esquire, St. Louis, Missouri, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1 Pursuant to 5 U.S.C. § 7121(d), the appellant requests review of an arbitrator's decision that denied his grievance challenging his removal for failure to maintain a regular schedule. For the reasons set forth below, we DISMISS the appellant's request for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2　　The appellant was a Postal Support Employee Sales and Distribution Associate who was removed from the Federal service effective September 11, 2018, for failure to maintain a regular schedule. Request for Review (RFR) File, Tab 5 at 22-24. The appellant filed a grievance challenging his removal, and after holding a hearing, the arbitrator issued a decision on November 12, 2021, denying the grievance and finding that the agency had just cause to remove him. RFR File, Tab 1 at 6.

¶3　　The appellant submitted an appeal form to the Board's Central Regional Office, attaching a copy of the arbitrator's decision, which was forwarded to the Office of the Clerk of the Board. RFR File, Tab 1. The Office of the Clerk then issued an acknowledgment order, setting forth the elements of a request for review, explaining the jurisdictional requirements of a request for review, and affording the appellant an opportunity to respond. RFR File, Tab 2 at 1-3. The appellant did not respond to the order; however, the agency filed a response in opposition to the appellant's request for review. RFR File, Tab 5 at 4-12.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4　　The Board typically has jurisdiction to review an arbitration decision under 5 U.S.C. § 7121(d) when the subject matter of the grievance is one over which the Board has jurisdiction, the appellant has alleged discrimination as stated in 5 U.S.C. § 2302(b)(1) in connection with the underlying action, and a final decision has been issued. *Anderson v. U.S. Postal Service*, 109 M.S.P.R. 558, ¶ 4 (2008). However, a Postal Service employee does not have the right of Board review of an arbitration decision because 5 U.S.C. § 7121 does not apply to the Postal Service. *Id.* We therefore dismiss the appellant's request for review of the arbitration decision for lack of jurisdiction. *Id.*

¶5　　However, we acknowledge that the Board may have jurisdiction over the appellant's removal because a Postal Service employee can file a grievance and a

de novo Board appeal from the same action. *Id.*, ¶ 5. Nevertheless, it appears that the appellant was seeking to request the Board's review of the arbitrator's decision, as he attached a copy of the arbitrator's decision to his submission without further explanation. RFR File, Tab 1. Furthermore, there is no evidence in the record that indicates that the appellant was attempting to file a Board appeal of his removal. For example, the appellant did not object to the Central Regional Office forwarding his submission to the Clerk of the Board or the Clerk's Acknowledgment Order treating his submission as a request for review of the arbitrator's decision. RFR File, Tabs 1-2. In fact, a footnote to the Acknowledgment Order indicates that the Clerk of the Board confirmed through an email exchange the appellant's intent that his submission be processed as a request for review of the arbitrator's decision. *Id.*, Tab 2 at 1 n*. Accordingly, because it does not appear that the appellant wished to file a Board appeal of his removal, we do not forward his submission to the regional office. However, to the extent that the appellant wishes to file a Board appeal of his removal, he may do so with the Central Regional Office.[2]

## NOTICE OF APPEAL RIGHTS

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[2] We make no findings on jurisdiction or timeliness regarding an appeal of the appellant's removal.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.